UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DENNIS R. GROVES, advocate for D. R. E., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CAUSE NO. 1:11-CV-059 WL |
| v. | ) |
| | ) |
| WILLIAM C. FEE, CHRISTOPHER M. FOREST, | ) |
| and GREGORY SOWLES, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Dennis R. Groves, a *pro se* plaintiff, has filed this lawsuit as an advocate for his minor grandson, D. R. E., who was the subject of a child custody dispute in state court. On December 9, 2010, the Allen Circuit Court issued an order modifying custody and directing that the grandson be placed in a secure residential treatment facility. Now, Mr. Groves has filed this lawsuit attempting to challenge that ruling on behalf of his grandson. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous . . . ." 28 U.S.C. § 1915(e)(2).

First, it is entirely unclear that Mr. Groves has the legal right to act as an advocate for his grandson under these circumstances. Second, even if he did, he may not do so *pro se*. Though a litigant can represent his own interests, he may not represent others, not even his own child. *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001). Third, even if this case had been filed by an attorney, the authority of federal district courts to review state court judgments and related

claims has been strictly limited by the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923 ).

> Under the *Rooker-Feldman* doctrine, lower federal courts lack subject-matter jurisdiction when, after state proceedings have ended, a losing party in state court files suit in federal court complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment. In determining whether a federal plaintiff seeks review of a state-court judgment, we ask whether the injury alleged resulted from the state-court judgment itself. If it does, *Rooker-Feldman* bars the claim.

*Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007) (citations omitted). Simply put, the *Rooker-Feldman* doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments or over claims 'inextricably intertwined' with state court judgments." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000).

Therefore, though it is clear that these events are very important to Mr. Groves, this complaint is legally frivolous. For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

SO ORDERED.

ENTERED: February 22, 2011

 s/William C. Lee  
William C. Lee, Judge  
United States District Court